# United States Bank & Trust Company *v.* Switchmen's Union of North America, Appellant.

*Beneficial associations—Death benefit certificates—Unlawful conduct on part of member—Evidence.*

The constitution and by-laws of a beneficial association provided that no claim would be paid where death was "caused by any immoral act on the part of the insured" or was "brought on by any immoral or improper conduct." A member of the association held a benefit certificate subject to the constitution and by-laws; the member died and in an action by the beneficiary against the association for the recovery of the death benefits, it appeared that deceased had been arrested; that he had resisted arrest and taken the officer's mace and escaped; that the officer procured assistance and attempted to capture deceased; that deceased resisted and in the scuffle was accidentally killed by the discharge of the officer's revolver. Defendant denied liability on the ground that the death of deceased was brought about by his criminal act in assaulting and beating the officer and in resisting arrest. The court charged that if the jury believed the undisputed testimony there should be a verdict for defendant, but the jury found for plaintiff. A motion for a new trial was dismissed and judgment entered on the verdict. *Held*, that the assault by defendant on the officer was a "criminal act" and "improper conduct" within the meaning of the constitution of the order, and the judgment was reversed, with leave to the court below to reinstate the motion for new trial.

Argued Oct. 13, 1916. Appeal, No. 116, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 808, on verdict for plaintiff, in case of United States Bank and Trust Company, a Corporation, Guardian of the Estate of Elizabeth Wilson Weckel, formerly Elizabeth Wilson and Elsie Mae Wilson, minors, children of Charles W. Wilson, deceased, v. Switchmen's Union of North America. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Reversed.

Assumpsit on a death benefit certificate. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,694.75 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Edward A. Kraus, Jr.,* with him *A. V. D. Watterson,* for appellant.—Plaintiff was precluded from recovery by the provisions in the by-laws that no claim would be paid where death was caused by any criminal act on the part of the insured or was brought about by any immoral or improper conduct: Prudential Ins. Co. v. Haley, Admr., 91 Ill. App. 363; Bloom et al. v. Franklin Life Ins. Co., 97 Ind. 478; Taliaferro v. Travelers' Protective Assn. of America, 80 Fed. Repr. 368; Travelers' Ins. Co. of Hartford v. Seaver, 86 U. S. 531; Hatch, Admr., v. Mutual Life Ins. Co., 120 Mass. 550; Wells, Admr., v. New England Mut. Life Ins. Co., 191 Pa. 207.

The court should have directed a verdict for defendant, the evidence being uncontradicted: Cougle v. McKee, 151 Pa. 602; Wells, Admr., v. New Eng. Mut. Life Ins. Co., 191 Pa. 207.

*Horace J. Thomas,* with him *Carl C. Balridge,* for appellee.—Defendant's conduct was not shown to have been the proximate cause of his death and therefore plaintiff is entitled to recover: Burkhart v. Travelers' Ins. Co., 102 Pa. 262; Evans v. Phoenix Mutual Relief Assn., 9 Lanc. L. Rev. 59; Gresham v. Equitable Life & Accident Ins. Co., 13 L. R. A. 838; Blackstone v. Standard Life & Accident Ins. Co., 3 L. R. A. 486; Supreme Lodge Knights of Pythias v. Crenshaw, 13 L. R. A. (N. S.) 258; Supreme Lodge Knights of Pythias v. Bradley, 67 L. R. A. 770.

The case depended on oral testimony and was therefore for the jury: Lehigh Coal & Nav. Co. v. Evans et al., 176

Pa. 28; West Branch Bank et al. v. Donaldson, 6 Pa. 179; Edwards v. Woodruff, 25 Pa. Superior Ct. 575; Barnett v. Becker, 25 Pa. Superior Ct. 22; Corcoran, for use of Dill, v. Mut. Life Ins. Co., 183 Pa. 443; Reel v. Elder, 62 Pa. 308.

OPINION BY MR. JUSTICE POTTER, January 8, 1917:

Charles A. Wilson was a member of the Switchmen's Union of North America, an incorporated fraternal beneficial association. He held a benefit certificate subject to the constitution and by-laws of the association, which provided, among other things, that no claim would be paid where death was "caused by any criminal act on the part of the insured," or was "brought on by any immoral or improper conduct." Charles A. Wilson died on November 25, 1913, under circumstances which the court below stated as follows: "On the night of November 25, 1913, Wilson was in East Pittsburgh, and was heard to make certain threats against the life of the proprietor of a hotel in East Pittsburgh; and an officer of the borough, because of the threats made by Wilson, placed him under arrest. Wilson resisted the arrest, and took the mace away from the officer and struck him on the head with it and knocked him down, rendering him unconscious. Wilson escaped. A few minutes after the attack on the officer by Wilson, the officer recovered, got assistance and started in pursuit of Wilson and found him walking along the railroad tracks in the borough of North Braddock, an adjoining borough, and not very far from the place of the original arrest. The officer approached Wilson with a revolver in his hand and told Wilson he was under arrest. Wilson again resisted arrest, and struck at the officer with the mace, and the two clinched, and in the scuffle the revolver was accidentally discharged and Wilson received a wound which resulted in his death a few minutes after it was inflicted."

Suit was brought by plaintiff as guardian of Wilson's daughters, the beneficiaries under the certificate, who

were both minors, to recover the amount of the death benefit. Defendant denied liability on the ground that Wilson brought about his death by his criminal actions in assaulting and beating the officer and in resisting arrest. This contention was sustained by the trial judge at the trial, and the jury were instructed that if they believed the undisputed testimony, it would be their duty to render a verdict for defendant. The jury, however, found a verdict for plaintiff for the full amount of the claim. Afterwards, in passing upon motions for a new trial and for judgment n. o. v., the trial judge held, contrary to his former view, that the cause of Wilson's death was not such as could properly be regarded as within the meaning of the clause in the constitution upon which defendant relied. Judgment was, therefore, entered upon the verdict, and defendant has appealed.

Undoubtedly the officer had the right, under the circumstances, to arrest Wilson without a warrant. He had made a violent assault a few moments before, not only in the presence of the officer, but upon the officer himself, and had stolen the officer's mace, and retained it in his possession. See Shovlin v. Com., 106 Pa. 369; Rarick v. McManomon, 17 Pa. Superior Ct. 154. Nor can it be doubted that an assault upon, and battery of, an officer, in resisting arrest, is a criminal act. The question here presented does not seem to have been directly raised in Pennsylvania, but it has been decided in other jurisdictions. In the case of Prudential Ins. Co. v. Haley, 91 Ill. App. 363, it appeared that Haley and a companion robbed a man on the public street. An officer followed and attempted to arrest them. Haley fled, and the officer fired after him and killed him. In a suit on a policy on Haley's life containing a provision that, in the event of the insured dying in consequence of his own criminal action, the liability of the company should not exceed the amount of the premiums paid, it was held that recovery could be had only for the amount of such premiums.

In Murray v. New York Life Ins. Co., 96 N. Y. 614, where the insured was shot by a person whom he was assaulting, it was held that a provision in the policy exempting the insurer when death occurred in consequence of a violation of law, prevented recovery on the policy, and that (p. 620) it made no difference that the shooting was accidental, and not voluntary or intentional.

In Bloom v. Franklin Life Ins. Co., 97 Ind. 478, it was held that, where the insured, while committing an assault and battery on a woman, was struck by her husband on the head and killed, he died while engaged in the known violation of law, and no recovery could be had on a policy exempting the insurer from liability for such death.

In Wells v. New England Mut. Life Ins. Co. 191 Pa. 207, it was held that, under a provision in a policy similar to that in the present case, no recovery could be had against the insurer where the insured (a woman) died from the effects of an illegal operation.

In the present case, it was not only the right of the officer to make the arrest, but it was clearly his duty to do so. Police officers would be of little use to society if they were not justified in protecting citizens from the assaults of ruffians. The testimony shows that Wilson not only resisted the arrest, but that after threatening to kill the officer, he engaged in a violent assault upon him, striking at him with a club. Clearly, this was a "criminal act," and "improper conduct" within the meaning of the constitution of the order, and the learned trial judge properly characterized it as such in his charge to the jury. That this criminal conduct, upon the part of Wilson, was the cause of his death is also apparent. He brought the result upon himself. While the shooting was not intentional, yet the officer would have been justified in shooting the offender had he found it necessary to save his own life, or protect himself from great bodily harm. Such improper or criminal conduct upon the part of the insured would naturally increase very considerably the risk of his death, and it might well be made the

subject of exception to the liability of the insurer, as was done in this case.

This judgment cannot be permitted to stand. While the facts, upon which defendant relied, did depend upon oral testimony, yet they were entirely undisputed, and a verdict so clearly against the evidence should have been promptly set aside. No doubt this would have been done if the trial judge had not erroneously changed his mind with respect to the circumstances of the death coming within the exceptions to the liability of the insured, as set forth in the constitution of the order. As we agree with the view which he held at the trial as expressed in his charge to the jury, the judgment will have to be reversed with leave to the court below to reinstate the motion for a new trial, so that he may act thereon in the light of the views expressed in this opinion.

Judgment reversed with leave to reinstate motion for new trial.