## Fickes *v.* Prudential Insurance Company of America, Appellant.

Argued March 25, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*George H. Hafer,* with him *Geo. Ross Hull,* of *Snyder, Hull, Hull & Leiby,* for appellant.

*George L. Reed,* with him *William S. Bender* and *William J. Lescure, Jr.,* for appellee.

OPINION BY MR. JUSTICE DREW, April 30, 1936:

Plaintiff, beneficiary of a policy of insurance issued by defendant upon her husband's life, sues to recover the face amount of the policy.   In a previous trial, a verdict was returned for plaintiff, whereupon a new trial was granted, on the ground that the verdict was against the

weight of the evidence. The second trial, had in the court below, resulted in another verdict for plaintiff. Defendant's motion for a new trial was again granted, on the same ground as in the previous instance. This appeal is by defendant from the denial of its motion for judgment n. o. v. Plaintiff has not appealed.

The insured made written application on January 29, 1931, for the policy, which was issued on the following February 4th. He died about three weeks later. The single premium paid· was returned to plaintiff by defendant, accompanied by a denial of liability. The defense is that insured made false and fraudulent representations in his application, in reliance upon which defendant issued the policy. The application stated that insured had not been attended by a physician during the previous three years, and that insured had never had dyspepsia or syphilis. The testimony of defendant's witnesses, including that of several doctors who had attended insured, tended to show that these statements were false, that in fact insured had been attended by physicians a large number of times within the three years prior to the date of his application, and that he had suffered from dyspepsia and had several times been examined and treated for syphilis. Two doctors called as experts by plaintiff in rebuttal testified that, in their opinion, based on the testimony in the case, insured had never had syphilis.

Defendant has appealed from an order of the trial court granting a new trial. The usual rules governing such appeals apply, although the appellant's complaint is founded upon the dismissal of its motion for judgment n. o. v.: *March v. Phila. & W. C. Traction Co.,* 285 Pa. 413; *Pringle v. Smith,* 286 Pa. 152; *Regan v. Davis,* 290 Pa. 167; *Trimble v. Mennel Milling Co.,* 313 Pa. 188. No abuse of discretion on the part of the trial court appears here, and indeed none is claimed. Nor is this a case in which the order of the trial court is based solely upon an erroneous conclusion of law which necessarily

governs the case: see *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 538; *Marko v. Mendelowski,* 313 Pa. 46, 47; *Engel v. Werner,* 117 Pa. Superior Ct. 498, 499. In the present state of the record, the insurer's defense depended upon oral testimony, the credibility of which, even though uncontradicted, was for the jury: *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236. The order must therefore be affirmed.

Defendant's claim for judgment n. o. v. rests chiefly upon the proofs of death which were furnished to it by plaintiff in compliance with the terms of the policy. One of the proofs consisted of a claimant's statement, signed by plaintiff, and stating that insured had been treated by three physicians during the preceding two years. In another of the proofs, an attending physician's statement, it appeared that the physician had been consulted by insured for indigestion in 1930, and that the date of the inception of the disease causing death was "years ago." Defendant's contention is that these proofs, offered in evidence by plaintiff, were sufficient to take the case from the jury. The trial court, however, found that the proofs were offered and admitted specially, for the sole purpose of showing that the relevant provision in the policy had been complied with, and that they were not in the case generally. We think the trial court's finding in this respect must be accepted. After having offered the policy and application and having produced certain testimony in connection therewith, plaintiff rested. Defendant then moved for a nonsuit, on the ground that proofs of death had not been shown. After some discussion, plaintiff was permitted to reopen her case and offer the proofs. While it nowhere appears in the record that counsel for plaintiff expressly stated the offer to be special, nevertheless it is clear from what transpired that it was so intended and understood. The trial judge is obviously in a better position than we are to decide just how the evidence is offered and admitted in a situation of this sort. We therefore abide by his

finding. Since the proofs were not offered for the purpose of showing the truth of the matters therein asserted, defendant could not avail itself of them for that purpose without offering them as part of its own case. It did not do so, and its contention in this respect must accordingly fail. We express no opinion as to what the result would be if the proofs had been offered by defendant, since we are not now concerned with that situation.

Defendant further contends that plaintiff's reply to the new matter set forth in its affidavit of defense did not sufficiently deny the averments therein of attendance of insured by physicians and of his having suffered from dyspepsia. It is claimed that the reply to these averments, although following closely the language of the relevant statutory provision,[1] is inadequate under the doctrine of *Bank of Am. Nat. Tr. & Sav. Assn. v. Sunseri,* 311 Pa. 114, and the averments must therefore be taken to be admitted. In the *Sunseri* case, it was held that "averments in an affidavit of defense that the means of proof of particular 'facts alleged [in the statement of claim] are under the exclusive control of the party making the allegation' " are of no effect if it appears that such averments "cannot, in the nature of the case, be true." No such averments, however, are contained in plaintiff's reply in the present case. In accordance with the act, plaintiff averred that she had no knowledge of the facts alleged by defendant, was unable to ascertain their truth after reasonable investigation, and demanded proof of them. We do not think plaintiff was obliged, under the circumstances here presented, to set forth the details of her investigation, as was suggested in the *Sunseri* case. In this view of the matter, we need not consider the applicability of the Act of July 12, 1935, P. L.

---

[1] Section 8 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Acts of April 22, 1929, P. L. 627, and June 12, 1931, P. L. 557.

666,[2] enacted after the trial in the court below and said to nullify the doctrine of the *Sunseri* case. Defendant's allegations were placed in issue and were so treated at the trial by both parties. The reply must be considered sufficient.

The order of the court below is affirmed.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER:

The insured in his application stated that he had not been attended by a physician during the previous three years. This statement was admittedly false. Doctors testified that they had attended him and their testimony was not contradicted. Under these circumstances, following our ruling in other cases, the policy was void and binding instructions should have been given for defendant. False statements in an application for life insurance as to the prior attendance of physicians are material to the risk and where the fact of attendance is uncontradicted, the question of liability on the policy is one of law and not for a jury's determination: *New York Life Ins. Co. v. Bodek Corp.*, 320 Pa. 347. Questions in an application for life insurance relating to the attendance by physicians are material to the risk. Their materiality should not be determined by the jury. The act making such answers representations has nothing to do with such questions. Where an insured stated that she had not been attended by a physician and the uncontradicted evidence shows that the answer was false, it is the duty of the trial court to direct a verdict in favor of the insurance company: *March v. Metropoli-*

---

[2] That act amended section 8 of the Practice Act of 1915, as amended by the Acts of 1929 and 1931, by the addition of the following language: ". . . and, in no event, shall the party demanding proof of such alleged facts be required to state, specifically or otherwise, or to prove what reasonable investigation he has made to obtain the information of which he alleges he has no knowledge; but his affidavit alone shall be deemed sufficient to support his allegation of reasonable investigation."

*tan Life Ins. Co.,* 186 Pa. 629; *Lutz v. Metropolitan Life Ins. Co.,* 186 Pa. 527.

Under the Act of May 17, 1921, P. L. 682, 40 PS section 757, the falsity of any statement in the application bars the right to recover if it materially affects either the acceptance of the risk or the hazard assumed by the insurer. False statements in an application for a life insurance policy as to the employment of other physicians than those named are material representations: *New York Life Ins. Co. v. Brandwene,* 316 Pa. 218; *Rigby v. Metropolitan Life Ins. Co.,* 240 Pa. 332. In *New York Life Ins. Co. v. Brandwene,* we said, page 223: "It is conceded by defendants that under our decisions *(Rigby v. Metropolitan Life Ins. Co.,* 240 Pa. 332; *Livingood v. New York Life Ins. Co.,* supra [287 Pa. 128]; *Koppleman v. Commercial Cas. Ins. Co.,* 302 Pa. 106; *Applebaum v. Empire State Life Assurance Soc.,* 311 Pa. 221), such inaccurate statements in an application for a life insurance policy, as to the employment of other physicians than those named, are to be deemed material representations."

In my opinion, binding instructions for defendant should have been given. Where this is so, it is error to grant a new trial and we will enter judgment for defendant: *Walters v. Federal Life Ins. Co.,* 320 Pa. 588. In *Fornelli v. P. R. R. Co.,* 309 Pa. 365, 369, we said: "The facts and the law of the case were fixed; they showed no liability on the part of defendant, and on them the court should not have done otherwise than direct a verdict for defendant. In ordering a new trial under these circumstances, the court below was guilty of a clear and palpable error of law. . . . Under such circumstances an order granting a new trial will be reversed."

For the reason stated, I dissent from the affirmance of the grant of a new trial.