## Adams *v.* Metropolitan Life Insurance Company, Appellant.

Argued April 14, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harris C. Arnold,* with him *John A. Coyle,* for appellant.

*F. Lyman Windolph,* of *Windolph & Mueller,* for appellee.

OPINION BY MR. JUSTICE DREW, June 26, 1936:

The suit is to recover upon a policy of insurance issued by the defendant company on the life of plaintiff's wife. Liability in an amount greater than the premiums paid with interest is denied by defendant on the ground that certain answers of insured in her application for the insurance were false and fraudulent. The jury found in plaintiff's favor, and defendant's motion for judgment notwithstanding the verdict was denied by the court of common pleas, whose judgment was affirmed by the Superior Court. We thereupon allowed the present appeal.

Insured died July 26, 1933. The application had been executed and the policy issued on November 5, 1931. Defendant relies on answers in the application with regard to insured's prior health and attendance by physicans. The application stated that her present condition of health was good, that she had no physical or mental defect or infirmity, and that her last sickness was on July 7, 1931, when she was confined to a hospital for ten days for the removal of a hemorrhoid. Particular reliance is placed on the following question and answer: "18. Have you been attended by a physician during the last five

years? If yes, give name of complaints, dates, how long sick, and names of physicians. Hemroid removed, July 7/31, Dr. J. L. Atlee, 10 days." To show that these statements were falsely and fraudulently made, defendant invokes certain alleged admissions in the pleadings and the testimony of a single witness, the insured's family physician.

A consideration of defendant's evidence in the light of the principles stated by us in *Evans v. Penn Mut. Life Ins. Co.*, 322 Pa. 547, makes it plain that the case was one which had to be submitted to a jury. Under the terms of the policy, the statements in the application are to be regarded as representations and not warranties, and the burden was therefore upon the insurer to show bad faith on the part of insured in making them. The admissions in plaintiff's reply show no more than that insured had been attended by a physician "on several occasions within five years immediately preceding her application for insurance," and that she had been attended "for illness connected with [a] diseased kidney condition." Those admissions are clearly insufficient to indicate fraudulent misrepresentation on her part, and their insufficiency for that purpose becomes clearer still in the light of the testimony of the attending physician. According to him, insured never knew or suspected that "she had any kidney condition." He testified that he had in fact treated her several times for an inflammation of the kidney, which, however, did not involve destruction of the tissue or develop into Bright's disease, but that he had "persistently concealed the true facts of her case throughout her illness because of her fear of several forms of fatal disease." Her complaint to him was of headaches, which she always described as neuralgia. In fact she died of heart disease, which had not been discovered until after the issuance of the policy, and to which, according to the witness, the kidney condition did not contribute. In view of this testimony, the jury might very well conclude that there had been no fraud-

ulent concealment by insured of any "grave, important or serious disease"[1] in the answers concerning the condition of her health.

Likewise, the admissions in the pleadings are insufficient of themselves to show bad faith in the answer of insured with regard to prior medical attendance. It is clear that, while such statements are material to the risk *(Murphy v. Prud. Ins. Co.,* 205 Pa. 444, 453; *Rigby v. Metro. Life Ins. Co.,* 240 Pa. 332, 336), the failure to report every attendance or treatment by a physician does not alone constitute fraud, as for instance where the application does not disclose attendance for headaches, grippe, acute colds, indigestion, or other comparatively minor illnesses: *Livingood v. N. Y. Life Ins. Co.,* 287 Pa. 128, 132; *McBride v. Sun Life Ins. Co.,* 90 Pa. Superior Ct. 35; cf. *Baer v. State Life Ins. Co.,* 256 Pa. 177, 183; *Kuhns v. N. Y. Life Ins. Co.,* 297 Pa. 418, 424-5.[2] In each of those cases a jury's verdict in favor of the beneficiary was upheld, despite the nondisclosure. It is

---

[1] "The term 'good health,' when used in a policy of life insurance, means that the applicant has no grave, important or serious disease, and is free from any ailment that seriously affects the general soundness and healthfulness of the system": *Barnes v. Fidel. Mut. Life Assn.,* 191 Pa. 618, 623. See also *Baer v. State Life Ins. Co.,* 256 Pa. 177, 183; *Horne v. John Hancock Mut. Life Ins. Co.,* 53 Pa. Superior Ct. 330, 333; *McBride v. Sun Life Ins. Co.,* 90 Pa. Superior Ct. 35, 41.

[2] "One would scarcely contend that every dressing of an injured or infected finger, or every prescription for a cold, or treatment by a throat specialist could properly be classed as 'attendance by a physician,' when the patient shows no other signs of illness, or is not sick in bed or confined to the house. A reasonable construction must be placed on the term. . . . In some jurisdictions it is held that merely calling on a physician, or being called on by him, because of a temporary indisposition, not serious in its nature and not affecting the person's sound bodily health is not being 'attended' by a physician within the meaning of such word in an application for insurance": *McBride v. Sun Life Ins. Co.,* 90 Pa. Superior Ct. 35, 41-42. See also *Couch on Insurance,* section 889; *Cooley's Briefs on Insurance,* chapter XII, section 20(d), (e).

true that insured's physician testified to fifteen consultations with her during a period of slightly more than three months prior to her application for insurance, as well as to a number of other consultations within the four years preceding the application. In this respect, however, the insurer's defense depended wholly on the testimony of this witness, and, in view of that fact and of the testimony that insured was unaware of the existence of any organic disease or serious disorder, it was for the jury to say whether or not the requisite bad faith was shown: *Evans v. Penn Mut. Life Ins. Co., supra*.

Appellant asks that the case be returned to the court of common pleas, to the end that that court may entertain a motion for a new trial. But no such motion was made in that court, so far as the record discloses. On the contrary, appellant quite apparently elected to stand on its motion for judgment n. o. v. and to take its chances thereon upon appeal. Under the circumstances, it is now too late to seek for the first time a retrial of the case upon the same evidence: *Hanick v. Leader,* 243 Pa. 372; see *Achenbach v. Stoddard,* 253 Pa. 338, 343-344. In *Ralston v. P. R. T. Co. (No. 2),* 267 Pa. 278, a petition was filed in this court praying for a new trial on the ground of after-discovered evidence, and the record was remitted to the lower court for the consideration of that evidence. No plea of after-discovered evidence is made in the present case. In the other cases relied on by appellant *(Sloan v. Phila. & Reading Ry. Co.,* 231 Pa. 332, s. c. 235 Pa. 155; *Dzsujko v. Eureka-Md. Assn. Corp.,* 109 Pa. Superior Ct. 9), a judgment entered n. o. v. by the lower court was reversed upon appeal, and the record was remitted so as to give permission to that court to reinstate a motion for a new trial, previously made, and dispose thereof according to its sound discretion. See also *Simons v. Phila. & Reading Ry. Co.,* 254 Pa. 507, 510; *Holzheimer v. Lit Bros.,* 262 Pa. 150, 154; cf. *U. S. Bank & Trust Co. v. Switchmen's Union,* 256 Pa. 228, 233. Where no such motion has been made in the first

instance, there is nothing to reinstate. None of these cases affords to appellant the permission which it now seeks.

Judgment affirmed.

Mr. Justice SCHAFFER dissented.