## Franklin Paint Company v. Sweigard

*Harry C. Cope,* for plaintiff.
*William C. Sweigard,* for defendant.

STEWART, P. J., October 5, 1936.—This is a rule for judgment for want of a sufficient affidavit of defense. It is an appeal from the judgment of a justice of the peace, and is one of the cases which justified the act of assembly which provided that pleadings on an appeal should be filed in the same way as in an action commenced in the court of common pleas. Under the old practice, where no pleadings were required, the prothonotary entered a plea of nil debit, and the case went to trial without pleadings.

The present act relieves plaintiff from coming to court unless defendant, in his pleadings, discloses a good defense.

While the transcript is not material in the present investigation, yet it discloses that a hearing was had before the alderman. Defendant asked for a continuance for a material witness to be present; that was granted. The case was heard, the witness examined, and defendant admitted he had given the order, received the goods, and applied them to his roof. In other words, the case was tried on its merits, and if there is a defense it should be set forth in the affidavit of defense. However, we must decide this case on the pleadings as they are before us, and not on the facts in the transcript.

The learned counsel for defendant attacks the sufficiency of the statement for the reason that in paragraph 1 of the statement it is alleged that the goods sold were "One steel barrel Saveall Roofing (Black), with 25 lbs. Plastic Patching Cement and a Roofing Brush", while in the copy of the book account it reads: "1 STEEL BBL BLK Saveall Roofing 65 @ .75 48.75". It will be noted that there is no charge made for the other two items. There is no variance between the paragraph of the statement and the copy of book entries, neither is there anything in the objection that the date is not given. The date of shipment is May 18, 1934, and the account shows: "This bill is due 9-18-34." The transcript shows (and we have a right to consider the transcript for the date) that the summons issued on January 31, 1936, which was a year and five months after the bill was due.

Nor is there anything in the contention that the averment as to proof is improper. The pleader has set forth the consideration in the usual manner. The rule which is to be applied in judging of the sufficiency of a statement of claim is well set forth by Mr. Chief Justice von Moschzisker in Parry v. First National Bank of Lansford, 270 Pa. 556, 559, as follows:

"To entitle one to judgment for want of a sufficient affidavit of defense, his statement of claim must aver, in clear and concise terms, all facts essential to support the judgment asked; plaintiff's declaration must be such that 'judgment may be taken and liquidated upon the data which it furnishes.' ".

Then he gives a large number of authorities to sustain the rule. That case has been followed in a number of cases since. Tested by the rule, there can be no legal objection to plaintiff's statement.

Defendant met that statement in this way: The first and second paragraphs of the affidavit of defense are identical. They are as follows:

"First: The averments contained in the first paragraph of the statement of claim are denied and plaintiff is put upon proof of the same. Defendant has no knowledge nor reasonable means of obtaining any knowledge of such allegations.

"Second: The averments contained in the second paragraph of the statement of claim are denied and plaintiff is put upon proof of the same. Defendant has no knowledge nor reasonable means of obtaining any knowledge of such allegations."

That method of stating a defense has been condemned in so many cases that it is useless to cite them. We made reference to them years ago in a number of cases, some of which are reported. Most of these cases were decided prior to the legislation hereinafter referred to. The Practice Act of May 14, 1915, P. L. 483, has been amended by the Act of April 22, 1929, P. L. 627, and the Act of June 12, 1931, P. L. 557. This latter act came before the Supreme Court in Bank of America National Trust & Saving Assn. v. Sunseri et al., 311 Pa. 114. The syllabus of that case is as follows:

"The Act of June 12, 1931, P. L. 557, amending section 8 of the Practice Act of May 14, 1915, P. L. 483, makes but little change, if any, in the requirements as to

affidavits of defense, from that specified by the Supreme Court in construing the earlier statute.

"It is not sufficient under the Act of 1931, supra, for a defendant to aver simply that he has made a 'reasonable investigation' to ascertain whether or not the facts alleged in the statement of claim are true. He must aver exactly what he did, in order that the court may determine whether or not his alleged investigation was reasonable.

"If it is clear averments, in an affidavit of defense that the means of proof of particular facts alleged in the statement of claim to be under the exclusive control of plaintiff, cannot be true, the court will refuse to give force or effect to those averments. The Act of 1931, supra, does not require otherwise.

"If, upon consideration of an affidavit of defense in its entirety, it remains doubtful whether or not particular facts, alleged in the statement of claim to be under the exclusive control of plaintiff, are in fact so, the affidavit must set forth sufficient facts to show that these allegations may be true."

The opinion of Mr. Justice Simpson should be studied because it shows conclusively that a mere averment that defendant made reasonable investigation is only a matter of opinion. Tested by this decision, the present affidavit is manifestly insufficient. However, the learned counsel for defendant calls attention to the recent Act of July 12, 1935, P. L. 666, and contends that under it he is not required to do more than he did in his first and second paragraphs quoted above. If that were so, the averments in defendant's affidavit would not be sufficient, because he does not aver that he ever made any reasonable investigation at all. He says he has "no reasonable means of obtaining any knowledge of such allegations", which is quite different from the case presented by the Act of 1935. The provisions of the Act of 1935 do not seem to have been passed on by the Supreme Court. In Fickes v. Pru-

dential Insurance Company of America, 321 Pa. 474, Mr. Justice Drew said:

"In the *Sunseri* case, it was held that 'averments in an affidavit of defense that the means of proof of particular "facts alleged [in the statement of claim] are under the exclusive control of the party making the allegations"' are of no effect if it appears that such averments "cannot, in the nature of the case, be true." No such averments, however, are contained in plaintiff's reply in the present case. In accordance with the act, plaintiff averred that she had no knowledge of the facts alleged by defendant, was unable to ascertain their truth after reasonable investigation, and demanded proof of them. We do not think plaintiff was obliged, under the circumstances here presented, to set forth the details of her investigation, as was suggested in the *Sunseri* case. In this view of the matter, we need not consider the applicability of the Act of July 12, 1935, P. L. 666, enacted after the trial in the court below and said to nullify the doctrine of the *Sunseri* case."

That an act of the legislature relating to pleadings should be passed by it for the purpose of overruling the Supreme Court of our State seems to be incredible, but perhaps, in view of many attempts from high places to discredit the Supreme Court of the United States, it is not to be wondered at that there are imitators in this State. However, we do not think there is very much change in the Act of 1935 from the previous legislation. The only cases to which the latter act can apply are where the facts are under the control of the opposite party, and the party alleges that he made a reasonable investigation of those facts. We do not think the pleader has brought himself within the terms of the latter act, and in view of what Mr. Justice Simpson said in the Sunseri case, supra, we think that this rule must be made absolute. He said:

"Apparently defendants think that because they made averments in the exact language of the statute, the court is obliged to accept their statements as verity, although

the record itself shows they are untrue. This is an erroneous conclusion. The statute must have a reasonable construction, and it is not reasonable to suppose that the legislature intended to require the courts to accept as true, that which the record shows to be false."

Attorneys should set out the specific facts which they intend to prove as a defense to plaintiff's claim. If it is a fact that defendant signed the order, and received these goods, he should admit it. If the goods were defective, he should allege wherein they were defective. No general averments should be indulged in, because they give rise to a suspicion that the real purpose of the affidavit is one of delay.

And now, October 5, 1936, the rule is made absolute, and judgment is entered for plaintiff and against defendant, the amount to be liquidated by the prothonotary from the statement of claim.