## NEW YORK LIFE INS. CO. v. SIKOV et al.
### No. 366.

District Court, W. D. Pennsylvania.
March 4, 1940.

William H. Eckert and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for plaintiff.

Elder W. Marshall and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

This is an action to cancel the reinstatement of a life insurance policy in the sum of $7,000 issued by the plaintiff to Max Ehrenreich on November 18, 1920. The premium due on this policy on November 18, 1937, was not paid when due, nor within the period of grace provided in said policy. The policy, therefore, lapsed for non-payment of said premium; and in accordance with the non-forfeitable provisions of the same, was automatically converted into continued term insurance for $6,172 for eighteen years and one hundred forty-seven days from the date of lapse.

On December 26, 1937, Ehrenreich applied in writing to the plaintiff for reinstatement of said policy; and in such application, made answers to questions therein as to his condition of health, illnesses, and treatment by physicians, as follows:

"1. Are you now, to the best of your knowledge and belief, in the same condition of health as you were when this Policy was issued? (If not, give details.) Ans. Yes.

"2. Within the past two years have you had any illnesses, diseases or bodily injuries or have you consulted, or been examined or treated by any physicians or practitioners? (If, so, give full details, including nature, date, and duration of each illness, disease or injury, the name of each physician, or practitioner, and the dates of and reasons for consultation or treatment.) Ans. No."

These answers were false. Ehrenreich was not at that time in the same state of health as when the policy issued. He had also consulted and been treated by a physician, Dr. Charles S. Orris on February 7, 1936, and in July, 1936, for nervousness and sleeplessness. In addition, the doctor testified that Ehrenreich consulted him several additional times between February 7, 1937, and December, 1937, though he has no written record of the dates. Dr. Orris first saw Ehrenreich on August 15, 1935, when he complained of feeling weak and very nervous, saying that things would drop from his hands, that his speech was jerky. The doctor found nothing wrong with his physical condition, and diagnosed a mental ailment. When the doctor examined him on February 7, 1936, he found the mental condition more marked. Ehrenreich complained that things would drop from his hands while he was workng, that he was sleepless and unable to get rest. His pulse was more rapid; his speech was jerky; requests were necessary a couple of times before he would respond. The doctor then advised that Ehrenreich was mentally sick, and should get away from his business. This condition grew progressively worse, until it terminated in 1938 in total and permanent disability. His wife, the beneficiary under the policy, notified the plaintiff by letter dated March 9, 1939, that her husband had been disabled for approximately a year; and on March 22, 1939, made a formal application to the plaintiff for disability benefits, stating that the illness began January 1, 1939, and that Dr. Orris was the first physician consulted at the beginning of the illness on January 4, 1939.

■ In our opinion, these facts justify a cancellation of the reinstatement of this policy for fraud. The authorities abundantly support this view. See Goldman v. New York Life Insurance Co., 3 Cir., 70 F.2d 513; Adamos v. New York Life Insurance Co., D.C., 5 F.Supp. 278; Id., 3 Cir., 71 F.2d 997; Id., D.C., 22 F.Supp. 162; Id., 3 Cir., 94 F.2d 943; Ruhlin v. New York Life Insurance Co., 3 Cir., 106 F.2d 921, certiorari denied, Jan. 29, 1940, 60 S.Ct. 469, 84 L.Ed. ——; Guardian Life Insurance Co. v. Clum, 3 Cir. 106 F.2d 592; New York Life Insurance Co. v. Marotta, 3 Cir., 57 F.2d 1038, 1039.

The defendant contends that the visits of Ehrenreich to Dr. Orris were for such comparatively minor illnesses that his failure to disclose the visits is excusable, and avoids the implication of fraud under the Pennslyvania doctrine in the case of Adams v. Metropolitan Life Insurance Co.,

322 Pa. 564, on page 567, 186 A. 144, 145, where it is stated: "The failure to report every attendance or treatment by a physician does not alone constitute fraud, as for instance where the application does not disclose attendance for headaches, grippe, acute colds, indigestion, or other comparatively minor illnesses: * * *."

However, we cannot class Ehrenreich's illness in that minor category. We regard it as a grave illness when Dr. Orris said he was mentally sick, and advised him to get away from his business. Ehrenreich's statements, in his application for reinstatement of his policy, as to his health and consultations with physicians, were material to the risk, and should have been answered correctly. The answers were manifestly false. This would entitle plaintiff to cancel the reinstatement for fraud, under the Pennsylvania doctrine. See Equitable Life Assurance Society v. Klein, 315 Pa. 156, 160, 173 A. 188; New York Life Insurance Co. v. Brandwene, 316 Pa. 218, 223, 224, 172 A. 669; New York Life Insurance Co. v. W. Bodek Corporation, 320 Pa. 347, 182 A. 384.

The plaintiff also contends that the rescission of the reinstatement of policy was acquiesced in by defendants when they accepted and cashed the check dated April 20, 1939, for $275.91, for refund of premiums. This check had written on its face, "Refund Premiums and Interest with Interest on Pol. No. 6864837 Ehrenreich." This check bears the endorsement of "Max Ehrenreich," the insured, and that of "Gertrude Ehrenreich," the beneficiary, who testified that she signed her husband's name in endorsement of the check, on the belief that it was for disability benefits under the policy. On this phase of the case we pass no judgment, in view of our finding that the plaintiff was entitled to cancel the policy for fraud.

The plaintiff contends that the insured, Max Ehrenreich, misstated his age in applying for this insurance, saying that he was born on October 25, 1894, when in fact he was born on August 15, 1889; and that therefore the plaintiff was entitled to fix the amount of the continued term insurance to which Ehrenreich was entitled on the lapse of the policy, at $6,172 instead of $7,000, which would have been the amount of such continued-term insurance, had Ehrenreich been born on October 25, 1894.

The policy of insurance states on the subject of the age of the insured: "Age. If the age of the insured has been misstated, the amount payable hereunder shall be such as the premiums paid would have purchased at the correct age."

The only evidence offered at the trial on this subject was Ehrenreich's sworn declaration of intention and petition for naturalization filed in this court in Volume 175, page 15, of the Petition and Record of the Naturalization Service. In these sworn documents Ehrenreich stated that he was born on August 15, 1889; and in addition, the History Record of Max Ehrenreich at Montefiore Hospital of Pittsburgh on January 26, 1939, gives his age as fifty years.

 This evidence, in the absence of any controverting proof offered by defendant, is convincing to us that Ehrenreich was in fact born on August 15, 1889, and not on October 25, 1894, as stated by Ehrenreich in his application for this insurance. This view is supported by a similar ruling of the United States District Court for the Southern District of New York in the case of Kasher v. Continental American Life Insurance Co.,[1] in an opinion filed September 11, 1939.

Findings of fact and conclusions of law in accordance with this opinion are filed herewith. A decree may be submitted accordingly.

---

[1] No opinion for publication.