Nestor *v.* George et al., Appellants.

Argued December 10, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Leo A. Nunnink,* with him *J. R. McNary,* for appellants.

*Clyde P. Bailey,* of *Bailey & Critchfield,* for appellee.

OPINION BY RHODES, J., March 3, 1944:

Defendants have appealed from an order of the court below granting a new trial. After trial and verdict for plaintiff, plaintiff's motion for new trial was granted, and defendants' motion for judgment n.o.v. was dismissed.

The usual rules governing appeals from an order granting a new trial apply. *Bunn et al. v. Furstein*, 153 Pa. Superior Ct. 637, 639, 34 A. 2d 924.

We find no abuse of discretion by the court below in its action, and we will not disturb the exercise of its discretionary power. In fact, defendants' only complaint is that their point for binding instructions was refused, and their motion for judgment n.o.v. dismissed. See *Fickes v. Prudential Insurance Co. of America*, 321 Pa. 474, 476, 184 A. 754.

The reason given by the court below for the granting of a new trial was the inadequacy of the verdict. The power to grant a new trial for this reason is undisputed. However, defendants had not prayed for a new trial, and if there could have been no verdict for plaintiff there was no inadequacy, and in ordering a new trial for that reason on plaintiff's motion the court below would have been guilty of a clear and palpable error. *Walters v. Federal Life Ins. Co.*, 320 Pa. 588, 592, 184 A. 25.

But, in our opinion, under the evidence the case was for the jury as to defendants' liability.

Plaintiff boarded defendants' street car about 4:30 P. M. after completing his day's work. The car was operated by one employee, the motorman. When plaintiff got up to leave the car, he walked to the front doors to deposit his fare. While depositing his fare the car stopped suddenly, and the fare rope struck him in the eye, causing him to lose the sight of this eye. The fare rope on this car had a metal nut suspended from its end, and several knots were tied in the rope immediately above the nut. The rope was located in the right front corner of the car between the motorman's seat and the fare box. The fare rope hung down and swung with the movement and stopping of the car. It was in a position where those alighting were obviously liable to come in contact with it when swinging, and

suffer injury from the metal nut on the end of this rope.

The jury could find that defendants were negligent in allowing a metal nut to be attached to the end of this rope and so located that it was likely to cause injury to alighting passengers, and that plaintiff's injury was sustained when struck in the eye by the metal nut.

The order of the court below is affirmed.