## Doell v. Prudential Insurance Company of America

638

Before Griffith, P. J., McDonald and Wolfe, JJ.

*McWilliams, Margolis & Coppersmith,* for plaintiff.
*Weimer, Bennett, Jones & Stibich,* for defendant.

GRIFFITH, P. J., January 30, 1962. — Defendant moved for judgment on the pleadings in an action in assumpsit on a $500 life insurance policy written by defendant on the life of Ileen H. Doell in which her husband, plaintiff, was named as the beneficiary.

Defendant filed an answer to the complaint and under new matter set forth the application for the policy dated February 1, 1960, and averred that, contrary to the answers contained in the application, the insured had been treated by physicians and had spent a period of four days in a hospital in 1959. It appears from defendant's new matter that the insured was confined to the Lee Hospital in the City of Johnstown under the care of Dr. L. I. Trigiano from August 24 to August 27, 1959, and that the provisional diagnosis upon admittance was "Possible Ulcer" (which was later ruled out) and the final diagnosis was "Menopause and Chronic Sinusitis". However, the history showed "a gastric ulcer in 1957 and a nervous breakdown". Dr. Trigiano's notation on the history of his impression at that time also showed "anemia". Also that she was treated by Dr. L. A. Wesner on eight occasions in 1959 for headaches, secondary anemia and a liver condition. Defendant's motion for judgment on the pleadings is based on the ground that plaintiff's reply to new matter

inadequately answered these allegations, thereby, under Pa. R. C. P. 1029, admitting the falsity of the statements contained in the application for insurance. Defendant contends that such statements are palpably and manifestly material to the risk.

Clearly plaintiff's reply does not adequately answer defendant's averments that false representations were contained in the insurance application. It merely avers plaintiff's lack of knowledge, demands proof and suggests that defendant's agent did not insert in plaintiff's application the same answers as were given to him by plaintiff: Pa. R. C. P. 1029 (b).

It appeared at the oral argument that the insured's death was caused by a brain tumor. So far as the pleadings show, the previous illnesses which a full disclosure would have revealed, if defendant had been given the information it requested in its application and had then followed it up by making inquiry of the doctors and the hospital, would have been "menopause, chronic sinusitis, headaches, secondary anemia and a liver condition." It is unimportant that the insured died from a cause wholly apart from the risk: Home Life Insurance Company v. Fisher, 1 D. & C. 2d 641. Can we say as a matter of law that such illnesses materially increased the risk, that defendant would have refused to write the policy if it had had such information and that the failure to disclose these illnesses necessarily constituted fraud?

"Where it appears that an insured has made false statements in an application for a life insurance policy, the question of the materiality of such statements must be submitted to the jury if they are doubtful. If, however, the statements are palpably and manifestly material to the risk, it is the duty of the court to rule as a matter of law that they are material": Karchner v. Security Mutual Life Insurance Company, 186 Pa. Superior Ct. 580, 585. We do not believe that meno-

pause or headaches are so palpably and manifestly material to the risk as to enable us to sustain a motion for judgment on the pleadings. They may perhaps be considered minor illnesses and their materiality left to a jury.

In Pfautz v. Sterling Insurance Company, 184 Pa. Superior Ct. 565, 567, the court said: "It is the law that the failure of an insured to report attendance or treatment by physicians does not alone constitute fraud, where the assured is not aware that he is suffering from or is being treated for a 'grave, important or serious disease.' " In the Pfautz case, the court referred to Adams v. Metropolitan Life Insurance Company, 322 Pa. 564, and called attention to the opinion in that case where it was said: "It is clear that, while such statements are material to the risk . . . the failure to report every attendance or treatment by a physician does not alone constitute fraud, as for instance where the application does not disclose attendance for headaches, grippe, acute colds, indigestion, or other comparatively minor illnesses."

Chronic sinusitis may or may not be a minor illness but we are satisfied that anemia and a liver condition are so palpably and manifestly material to the risk that it becomes our duty to rule as a matter of law that they are material. Webster's New International Dictionary defines secondary anemia as follows: "Secondary anemia results from loss of blood by hemorrhage, from internal destruction of red corpuscles as a result of poisons produced by disease, or from toxic interference with blood formation." The American Illustrated Medical Dictionary, 12th ed., defines anemia as "A condition in which the blood is deficient either in quantity or quality, etc."; and secondary anemia is defined as "that which is due to hemorrhage, cancer or some other antecedent disease or injury." We believe that a failure to reveal treatment received for such illnesses with-

in a period of a few months before the insurance application was made materially increased the risk and that the failure to disclose plaintiff's treatment for these illnesses necessarily constituted fraud and that the insurance policy issued on the basis of such application is void. Plaintiff had been hospitalized four months before she applied for insurance and consulted a physician eight times during the preceding year. So that when she certified that she had not been treated by a physician within five years and that she had not been in a hospital except for childbirth seven years before she must have known that her answers were completely false.

We note the suggestions contained in plaintiff's reply to defendant's new matter that defendant's agent did not insert in the insurance application the same answers as were given to him by plaintiff. Plaintiff's brief points out that an insured who makes correct oral answers to the questions in the application is not bound by the written answers inserted by defendant's agent through fraud or mistake. As indicated in Walsh v. John Hancock Mutual Life Insurance Company, 164 Pa. Superior Ct. 184, 192, the cases supporting this rule are cases in which there was no certificate contained in the insurance application as there is in the present case. In this case the pleadings admit that the application contained a declaration that ". . . all statements and all answers to the above questions are complete and true . . ." In the Walsh case, as well as in the case of Prevete v. Metropolitan Life Insurance Company, 343 Pa. 365, the application contained a certificate that the applicant's answers were full, true and complete. In the Prevete case, the court said (page 368):

"In the present controversy, plaintiff admits that the answers in the application are false. Then, in view of insured's unqualified certification that he had read

these false answers before signing the application, that they were correctly written as given by him, and that they were true and complete, how can it be said that he did not know that the answers were false and did not deliberately intend to deceive the company? In such a situation the necessary and inevitable conclusion is that insured did not act in good faith when he signed the application, and the policy should have been avoided without the intervention of a jury. His beneficiary should not have been heard to say that insured gave other answers than those set forth in the application. To permit such a thing would be to open wide the door to fraud . . ."

We, therefore, enter the following

### Decree

And now, January 30, 1962, after argument and upon due consideration, defendant's motion for judgment on the pleadings is sustained, except as to the premium paid in the sum of $12.50 which has been tendered by defendant, and plaintiff's complaint is dismissed.