## Rigby v. Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Application—Mis-statement of facts —Medical attendance—Court and jury.*

1. Where it appears that an insured has made false statements in an application for a life insurance policy, the question of the materiality of such statements must be submitted to the jury if they are doubtful. If, however, the statements are palpably and manifestly material to the risk, it is the duty of the court to rule as a matter of law that they are material.

2. Statements in an application for a life insurance policy, as to when the applicant was last attended by a physician, and for what cause, are material to the risk. Where, therefore, it appeared in an action upon a life insurance policy that the applicant had omitted to give the name of a physician who had attended him within a short time prior to the application, that he had consulted such physician for symptoms indicating a serious disorder, possibly connected with the illness which caused his death, the court should have declared as a matter of law that the false statements were material and the policy was void under a clause thereof, providing that it should be void if the statements contained in the

application were untrue. The fact that the visits to the physician whose name was omitted were made during, and because of the absence of the insured's family physician, whose name was mentioned, as having been consulted, is not a material circumstance. The insured was not excused from mentioning the name because of this fact.

Argued Feb. 12, 1913. Appeal, No. 363, Jan. T., 1912, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1911, No. 42, on verdict for plaintiff in case of Bertha S. Rigby v. The Metropolitan Life Insurance Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit on life insurance policy. Before JOHNSON, P. J.

The opinion of the Supreme Court states the case.

The court charged the jury in part as follows:

[Now, the question for you, then, will be, looking at the inquiry on the application, which you will have with you, and looking to his answer, we submit to you the question whether or not the answer, the naming of Doctor Harvey—the omission of him, rather, was material to this risk. If you find that it was, then this plaintiff cannot recover. If you find that it was not material, the answer to that question, and find the other in favor of the plaintiff, then she will be entitled to a verdict of twenty-four hundred dollars and the interest that is due.] (1)

[In a point submitted by the defendant we are asked to say to you as a matter of law that the failure of the insured to name Doctor Harvey as a physician who had prescribed for him is fatal to this plaintiff's case.

Now, we answer that. We say in answer to the inquiry if, in answer to the inquiry as to what physicians had attended him or prescribed for him, his omitting to name Doctor Harvey was material to the risk, the plaintiff is not entitled to recover. Was it material? We submit that question to you.] (2)

[So that we submit to you this question—it is a fact, that Doctor Harvey was not named by name, and if you find that that omission was material to this risk, then this plaintiff cannot recover. If you find, as we say, that it was not material, then she may. Now, this is a question for you.] (4)

The jury found a verdict for the plaintiff for $2,623.20 and judgment thereon. Defendant appealed.

*Error assigned* was to various portions of the charge.

*E. H. Hall* and *Arthur G. Dickson,* for appellant.— The question as to other medical attendance was material and should have been so pronounced by the court: United Brethren Mutual Aid Society v. O'Hara, 120 Pa. 256; Mangel v. Ins. Co., 176 Pa. 280; March v. Ins. Co., 186 Pa. 629; Lutz v. Insurance Co., 186 Pa. 527; Murphy v. Ins. Co., 205 Pa. 444; Baldi v. Ins. Co., 24 Pa. Superior Ct. 275; Hermany v. Life Assn., 151 Pa. 17.

*A. B. Geary,* for appellee.—Ordinarily questions of materiality are for the jury, and where the materiality of a statement to the risk involved, is itself of a doubtful character, the determination should be submitted to the jury: Smith v. Metropolitan Life Insurance Co., 183 Pa. 504; Hermany v. Fidelity Mutual Life Assn., 151 Pa. 17; Keatley v. Travelers Ins. Co., 187 Pa. 197; March v. Metropolitan Life Ins. Co., 186 Pa. 629; Lutz v. Prudential Ins. Co., 186 Pa. 527.

OPINION BY MR. CHIEF JUSTICE FELL, April 21, 1913:

The policy of life insurance on which this action was brought was issued October 13, 1909. The insured died September 25, 1910, of cancer of the stomach. The grounds of defense were that incorrect statements had been made by the insured in his application in relation to his previous illness and to medical attendance. It was stipulated in the policy that the statements in the

application and the answers to the medical examiner
".....are correct and wholly true, that they shall form
the basis of the contract of insurance if one is issued and
that if they are not thus correct and wholly true the
policy shall be null and void." Both grounds of defense
were submitted to the jury with instructions that under
the Act of June 23, 1885, P. L. 134, in order to effect a
forfeiture of the policy it should appear that the mis-
representations or untrue statements related to matters
material to the risk. The main objection urged to the
charge and the only one that need be considered is that
the court refused to instruct the jury that the answers
of the insured to certain questions in relation to medical
attendance were material to the risk and submitted to
them the question of materiality.

The insured's regular physician for ten or twelve
years immediately preceding his death was Dr. Frone-
field. At times when Dr. Fronefield was unable to at-
tend to his patients they were attended by Dr. Harvey.
Dr. Harvey testified that the insured had visited him at
his office six times between March 15th and May 20th,
1909, for treatment and that "he had dyspeptic symp-
toms, probably pointing to something towards ulcer of
the intestines, very great pain after eating, and coming
on when the food would get into the intestines; loss of
appetite; poor sleeper; appetite would vary; loss of
weight." Dr. Fronefield treated the insured for dys-
pepsia in August, 1909, but until April, 1910, six months
after the policy was issued, he saw no symptoms that
indicated cancer. In the written application for in-
surance, the insured stated that he had six attacks of
dyspepsia in 1909, the last August 1st, that he was "O.
K. now," and named Dr. Fronefield as his usual medical
attendant, and as the physician who had attended him
for dyspepsia and said that he had had no other medical
attendant and had not been prescribed for by any other
physician. He gave negative answers to the following
questions: "Have you consulted any other physician?

If so, when and for what?" "Have you had any other medical attendant or have you been prescribed for by any other physician than the above named?"

If an insured has had medical attendance, the company is entitled to know it and the cause and the name of his physician in order that inquiry may be made of him. In United Brethren Mutual Aid Society v. O'Hara, 120 Pa. 256, one of the grounds for reversal was the failure of the court to distinctly instruct the jury in answer to a request for charge that there could be no recovery if an untrue answer had been made in relation to the time of medical attendance. In Lutz v. Insurance Co., 186 Pa. 527, a reversal was had because of error in submitting to the jury the materiality of questions and answers in relation to previous illness and medical attendance. It was said in the opinion that where it was doubtful whether the matter was material, the question of materiality must be submitted to the jury, but where the matter involved was palpably and manifestly material to the risk, the law was not changed by the Act of 1885 and that it was the duty of the court to pronounce it material. In Murphy v. Insurance Co., 205 Pa. 444, it was said by our Brother MESTREZAT, upon a review of the cases upon the subject, "We have held it to be error to submit the case to the jury when the uncontradicted evidence shows that the insured made false statements to questions as to when he was last attended by a physician and for what cause, how long since he had consulted a physician and for what disease, and as to whether he had ever been sick, had any serious illness, had ever consulted a physician."

The questions alleged to have been incorrectly answered were material to the risk and their materiality was so manifest that it was the duty of the court to direct the jury to find for the defendant if the testimony of its witnesses was believed, unless there was something to take the case out of the clearly established rule. We do not find that there was. The illness for which the

insured sought the aid of Dr. Harvey was not a trivial one, and so unimportant as to have no relation to his general health. The visits to Dr. Harvey were made because of the absence of Dr. Fronefield, but for a period of six weeks the insured had placed himself under Dr. Harvey's care for treatment and he was distinctly his patient. Dr. Harvey was not acting as an assistant of Dr. Fronefield, he was acting independently and for himself. If application had been made to him by the insurance company, it would have learned that the insured had symptoms that probably indicated serious intestinal disorder. The answers were material to the risk and if the testimony in relation to Dr. Harvey's treatment was correct, the defendant was entitled to a verdict in its favor; whether correct was, of course, for the jury.

The judgment is reversed with a venire facias de novo.