# Rigby *v.* Metropolitan Life Insurance Co., Appellant.

*Insurance—Life insurance—Application—False answers—Evidence—Case for jury.*

1. The case was for the jury in an action upon a policy of life insurance where it was alleged that deceased falsely stated in his application for a policy that he had not consulted a physician, other than his family physician within a certain period, but the

evidence as to whether he had consulted such a physician was in conflict.

2. In such case where defendant offered evidence to show that decedent had consulted another physician for certain ailments and gave evidence as to his physical condition during that period, it was competent for plaintiff in rebuttal to prove that during the period in question the health of deceased was good and that he did not exhibit the symptoms described.

Argued Feb. 9, 1915. Appeal, No. 20, Jan. T., 1915, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1911, No. 42, on verdict for plaintiff in case of Bertha S. Rigby v. Metropolitan Life Insurance Company. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Assumpsit on policy of life insurance. Before BROOM-ALL, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,986.40 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*W. Roger Fronefield,* with him *Arthur G. Dickson,* for appellant.

*A. B. Geary,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 1, 1915:

On September 17, 1909, Harry H. Rigby made application to appellant company for insurance on his life, and on October 13 following, a policy was issued for twenty-four hundred dollars in which his wife, the appellee, was named as beneficiary. The insured died September 25, 1910, of cancer of the stomach, and appellant declined to pay the amount of the policy, claiming the insured made false answers to certain questions con-

tained in the application—to the effect that he had not consulted a physician other than Dr. Fronefield, his family physician, and that he had not received medical attention other than from Dr. Fronefield.

At the trial a verdict was rendered for appellee, and this appeal followed the refusal of the court below to enter judgment for appellant, non obstante veredicto. The assignments of error, in addition to setting up the refusal of the court to sustain a motion for judgment for defendant, non obstante veredicto, relate mainly to the admission of testimony offered by plaintiff in rebuttal tending to show the physical condition and appearance of the insured at the time of making his application for insurance. The answers, made in the application regarding medical attention, were material to the risk, and if untruthful rendered the contract valueless. If the answers were correct, then the policy is binding upon appellant. The issuing of the policy and the death of the insured being admitted, appellant sought to disprove the answers made by the insured to the questions asking information in regard to the extent he had received medical attention, and to this end called Dr. E. M. Harvey, who testified that Mr. Rigby called upon him on six separate occasions during the months of March, April and May, 1909, and that on March 15th, the date of the first call, he found Mr. Rigby "had dyspeptic symptoms," for which he prescribed and gave to him two prescriptions which were to be filled at a drug store. The doctor further said that Mr. Rigby's trouble was "loss of appetite, pain; loss in weight, cachectic complexion, and some more symptoms along that line......his color I should say was noticeable to anybody." As tending to corroborate this testimony a druggist was called who produced from the files of his drug store two prescriptions written by Dr. Harvey dated March 15, 1909, upon which of each was written the name "Mr. Harry Rigby." The druggist had no recollection as to whether the prescriptions were filled by himself or one of his employees. Beyond find-

ing them on file with other prescriptions bearing that date, had no knowledge or information whatever. Upon the introduction of this testimony it became incumbent upon plaintiff to meet it, and with that end in view fifteen persons, who were intimately acquainted with Mr. Rigby, were called, and testified to being either associated with him in the office in which he was employed or to meeting him almost daily; in substance their testimony was to the effect that during the year 1909, his health was apparently good; that he did not complain. of illness; that his complexion was not unchanged and did not indicate disease until sometime during the summer of 1910, and that no decline in his weight was observable. Mrs. Rigby testified that her husband was in good health in 1909, and that she was not aware that he consulted Dr. Harvey for any trouble or illness of his own, but that about the middle of March, 1909, during the absence of Dr. Fronefield, he did consult Dr. Harvey in regard to securing a nurse for her. She further said her husband did not complain of illness at any time during that year, and did not have medicine in their home. Dr. Fronefield, the family physician, said Mr. Rigby's complexion was not cachectic; that there was no apparent change in his weight, and that he "noticed nothing wrong with him" in 1909. The testimony thus introduced raised a question of fact for the jury, Rigby v. Metropolitan Life Insurance Company, 240 Pa. 332, which was fairly submitted by the learned trial judge who after discussing the testimony of the various witnesses, instructed the jury as follows: "And I repeat that if you believe Dr. Harvey when he says that he was so consulted by the decedent in March, April and May, 1909, and that he prescribed for him, if your minds are satisfied that that is true and his disease being such as Dr. Harvey diagnosed and prescribed for, that is a material part of this risk, that is we say as a matter of law that it is a material part of this risk, and if so believed then your verdict must be for the defendant. If on the

contrary from the evidence produced by the plaintiff tending to show the physical condition of the decedent during those months if you conclude from that, being of that physical condition, he couldn't have consulted a doctor, couldn't have been taking medicines, if you conclude that is so and that in effect is saying that Dr. Harvey is mistaken, and if you find that he is mistaken and you are with the plaintiff upon that contention that he is mistaken, then she is entitled to your verdict." Had the uncontradicted evidence shown that the insured made false answers to the questions as to when he last consulted a physician, appellant, under the rulings of this court in Murphy v. Prudential Insurance Company, 205 Pa. 444, would have been entitled to have its rule for judgment, non obstante veredicto, made absolute, but in view of the fact that Dr. Harvey is contradicted in material portions of his testimony as to the illness of the insured, it was for the jury to pass upon the credibility of the testimony of the various witnesses, and determine whether or not the answers made in the application for insurance were true or false. The case turned upon this point, and the learned judge of the court below fairly and impartially submitted that question to the jury. We are not convinced of reversible error in either the rulings or charge of the court below.

The assignments of error are therefore ordered overruled and judgment affirmed.