Osche, Appellant, *v.* New York Life
Insurance Company.

Argued May 27, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Francis A. Wolf,* with him *Oscar G. Meyer,* for appellant.

*William H. Eckert,* with him *Smith, Buchanan, Scott & Ingersoll,* for appellee.

OPINION BY MR. JUSTICE BARNES, October 5, 1936:

This is an action of assumpsit upon a policy of life insurance issued by the defendant company on November 26, 1929, upon the life of Clothilda E. Osche.   The insured died March 6, 1932, and proofs of death were

duly furnished to the company. The latter, however, refused to pay the claim whereupon plaintiff, a sister of the insured and the beneficiary named in the policy, brought this action. At the trial the jury returned a verdict for plaintiff. Defendant's motion for judgment non obstante veredicto was granted by the court in banc. From the judgment so entered, plaintiff has taken this appeal.

The policy in suit was permitted to lapse for non-payment of premium on December 26, 1930, but was reinstated April 24, 1931, upon application by the insured. It was again permitted to lapse for failure to pay the premium on June 26, 1931, and again upon application was reinstated October 13, 1931. Each time the policy was reinstated the insured submitted to a medical examination by the defendant's physician, and on each occasion she was certified as a good risk by the examining physician. In applying for reinstatement the insured on both occasions signed statements representing to the company that she had not consulted or been treated by any physician since the date of the policy, and that "to the best of her knowledge and belief she was in the same condition of health as she was when the policy was issued." The company declined to pay the claim made upon the policy, alleging fraud on the part of the insured in securing the two reinstatements of the policy, and contended that the representations made each time the policy was reinstated were untrue, as the insured well knew when she signed the applications. The sole issue presented to the jury was whether these statements were in fact false and fraudulently made. Of course, if this be a fact the defendant is not liable upon the policy: *Lilly v. Metropolitan Ins. Co.*, 318 Pa. 248; *Stein v. New York Life Ins. Co.*, 319 Pa. 225; *Kzyszton v. John Hancock Mut. Life Ins. Co.*, 320 Pa. 65; *Baxter v. New York Life Ins. Co.*, 115 Pa. Superior Ct. 287.

At the trial plaintiff placed in evidence the policy, together with defendant's admissions in the pleadings

4

that the premiums thereon had been paid and that the proofs of death had been duly furnished, and rested.

The defendant, in its case, placed in evidence the proofs of death, wherein plaintiff stated under oath that the insured had been totally disabled since September 8, 1931. Attached to the proofs as a part thereof was an affidavit by Dr. T. K. Reeves, the attending physician during insured's last illness, in which he stated that he had attended her since September 7, 1931, and that from that date she was prevented from attending to business. Defendant then called as a witness Dr. Thomas H. Burke, who had been the family physician of insured. He testified that he had treated her for a severe cold in January, 1931, and for a skin condition which was not serious or detrimental to health in the following March, 1931. He further stated that from time to time the insured complained to him of severe backaches and menstrual pain, for which he gave her no treatment, but suggested that the trouble might be caused by her appendix and referred her to Dr. Reeves, as a gynecological specialist. The insured continuing in her complaints, on September 7, 1931, he again advised her to consult Dr. Reeves, and she informed him that she would do so.

The defendant also proved by the records of the Pittsburgh Hospital that the insured had been a patient at that institution from November 29 to December 6, 1931, for observation and examination and for a minor operation. The history which she gave to the attendant at the hospital on that occasion was placed in evidence; at that time, according to the hospital physician who recorded the history, the patient claimed to have had a severe backache for seven months and to have lost nineteen pounds in the past two months. The insured again entered the Pittsburgh Hospital on February 19, 1932, and on the following day was operated upon for chronic appendicitis, from the effects of which she died on March 6, 1932. The history given by insured upon her second admission to the hospital was also received in evidence;

it was there stated that the patient had "a dull aching pain" in her back for the past five or six months.

In rebuttal plaintiff called Dr. Reeves. He testified that he had supplied the medical information for the proofs of death, and that the answer of September 7, 1931, as the date upon which he.had begun to treat insured and from which she was disabled was an error. The truth was, he said, insured had first come to his office, and his first treatment of her was on November 24, 1931. He explained the error in the date was due to a mistake made by the assistant in his office between the record of the insured and that of one of her sisters. An affidavit made by Dr. Reeves in April, 1932, stating these facts, and which had been sent to the defendant, was placed in evidence. Plaintiff testified, in explanation of the statement in the proofs of death over her signature, that the information had been gathered and the proofs filled out by the agent of defendant, and that she signed the paper without examination in reliance upon what the agent had done. In fact, she said, her sister had not been incapacitated on September 7, 1931, but had worked at her store daily until entering the hospital in the latter part of November, 1931. A number of other witnesses in daily association with the insured, corroborated plaintiff in this testimony.

As the sole question on this appeal is whether the case was a proper one for the entry of judgment non obstante veredicto, we have therefore recounted in detail substantially all the testimony presented at the trial. The court below held that the uncontradicted testimony of Dr. Burke that he had treated insured and sent her to a specialist, and the statements appearing in the histories given by the insured to the hospital, required the entry of judgment in defendant's favor. In so holding we are of opinion that the learned court erred. The testimony of Dr. Burke was oral, and his statements of fact, even as to dates, were made from memory and after the lapse of a considerable time, and are contradicted in the most

material respect by the testimony of Dr. Reeves, who stated that the disputed date was not September 7, but November 24, 1931. And the hospital records, in the light of the other medical testimony in the case, raised a disputed question which had to be submitted. As this case comes to us it cannot be said that the proofs of death and hospital records are "uncontradicted documentary evidence" which alone would entitle them to be accepted as verity: see *Paxos v. Jarka Corp.*, 314 Pa. 148. Having been presented by the defendant to defeat plaintiff's claim, the credibility of this evidence was under our firmly established rule for the jury, and it was error for the court to enter a judgment on such evidence opposed to the jury's verdict: *Nanty-Glo Boro. v. Am. Surety Co.*, 309 Pa. 236.

We have recently had occasion in *Evans v. Penn Mutual Life Ins. Co.*, 322 Pa. 549, to consider the many cases bearing upon this question in actions upon insurance policies. The opinion there of Mr. Justice DREW exhaustively reviews the law upon the question here under consideration. He says (pp. 557, 560): "But in any case, the questions whether or not the answers were false and whether or not they were given by insured in good faith are questions of fact, and their determination must be left in the jury's hands whenever the evidence concerning them is conflicting, or whenever the burden of proving them is carried by oral testimony, even though such testimony is uncontradicted . . . Whenever disputed questions of fact are presented by conflicting evidence, whether documentary or oral, or whenever the insurer's defense depends upon the testimony of its witnesses, even though such testimony is uncontradicted, the case must be submitted to the jury, subject to the trial court's power to award a new trial as often as in its sound discretion it may think the interests of justice require."

These principles are clearly applicable to the instant case, and must govern our decision. It was for the jury,

and for the jury alone, to pass upon the credibility of the witnesses and the conflict in the evidence presented at trial. In entering a judgment non obstante veredicto the court below erroneously assumed to pass upon these issues. If the court believed the verdict opposed to the weight of the evidence, the proper remedy, as we pointed out in *Evans v. Penn Mutual Life Ins. Co.,* supra, lay in the court's right to set aside the verdict and order a new trial.

At the same time the motion for judgment non obstante veredicto was filed, defendant moved for a new trial. In granting the former motion the court below did not pass upon the merits of the rule for a new trial, and, so far as the record before us shows, no disposition was made of this motion. Under the circumstances we feel that opportunity should be given the court below to consider the rule for a new trial upon its merits. To this purpose the judgment will be reversed, and the rule for a new trial reinstated: see *Petroleum Fuel Eng. Co. v. Hemphill,* 94 Pa. Superior Ct. 362.

Judgment reversed and rule for a new trial reinstated.

Mr. Justice SCHAFFER dissents.