Anastasio, Appellant, *v.* Metropolitan Life Insurance Company.

Argued November 13, 1941.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and
KENWORTHEY, JJ.

*William S. Stein,* with him *Martin G. Stein,* for appellant.

*Owen B. Rhoads,* with him *John Bishop* and *Dechert, Smith & Clark,* for appellee.

OPINION BY CUNNINGHAM, J., July 23, 1942:

Plaintiff, Rose Anastasio, sued as beneficiary in a policy of life insurance issued November 1, 1937, wherein the defendant company insured the life of her husband, Michael Anastasio, in the amount of $1295. The insured, aged forty-five at the date the policy issued, died May 3, 1938, from a disease of the gall bladder and carcinoma of the stomach. The policy was issued after an examination of the insured by the company's medical examiner and upon the written application of the insured signed by him on September 28, 1937, and attached to the policy.

At the trial in the Municipal Court of Philadelphia County, before BONNIWELL, J. and a jury, plaintiff, having proved issuance of the policy, payment of premiums and submission of proofs of death, rested. The company defended on the ground that insured made false and fraudulent answers to questions in his application inquiring whether he had been an inmate, for examination, consultation or treatment, in any hospital, or had been treated by a physician, within the preceding five years. At the conclusion of the testimony the court below directed a verdict for plaintiff but only for the amount of the premiums paid. Her motion for a new trial was dismissed and she now appeals from the judgment entered on the verdict.

The fundamental question involved upon this appeal may be thus stated: Does it appear by (a) uncontra-

dicted documentary evidence, or (b) admissions in the pleadings, that the insured's answers to certain questions, in his application, material to the risk, were false and fraudulent as a matter of law, or should the good faith of his answers have been submitted to the jury.

The principles of law governing the disposition of this appeal are well settled in this jurisdiction. In the leading case of *Evans v. Penn Mutual Life Ins. Co.,* 322 Pa. 547, 186 A. 133, Mr. Justice DREW, after reviewing many previous decisions, stated (p. 555) : "Ordinarily the question of the truth or falsity of the answers and whether or not they were given by insured in good faith is for the jury. Where it affirmatively appears, from sufficient documentary evidence, that the policy was issued in reliance on false and fraudulent statements, made by or on behalf of the insured, as where false answers are shown to have been given by insured under such circumstances that he must have been aware of their falsity, the court may direct a verdict or enter judgment for the insurer. Facts sufficient to avoid the policy may appear from hospital records, where such records are competent evidence for that purpose and are not materially contradicted ...... Admissions in the pleadings may, of course, establish facts to avoid the policy without the intervention of a jury. But in any case, the questions whether or not the answers were false and whether or not they were given by insured in good faith are questions of fact, and their determination must be left in the jury's hands whenever the evidence concerning them is conflicting, or whenever the burden of proving them is carried by oral testimony, even though such testimony is uncontradicted." These principles have been reaffirmed, applied and followed in many later decisions, both in our Supreme Court and in this court.[1]

---

[1] *Adams v. Metropolitan Life Ins. Co.,* 322 Pa. 564, 186 A. 144; *Osche v. New York Life Ins. Co.,* 324 Pa. 1, 187 A. 396;

The policy provided, inter alia: "This policy is issued in consideration of the application therefor, a copy of which application is attached hereto and made a part hereof." Questions nine and twenty-three, contained in part "B" of the application, are those to which the defendant company alleges the insured gave false and fraudulent answers. These questions and the answers of the applicant thereto read: "9. Have you ever been an inmate of a hospital, sanatorium, asylum or cure, whether for observation, examination or treatment? If yes, give date, duration, nature of ailment and name of institution." Answer: "No."; "23. What clinics, hospitals, physicians, healers or other practitioners, if any, have you consulted or been treated by, within the past five years? If none, so state." Answer, "No."

The insured certified over his signature at the bottom of the application that he had read the answers to these questions; that they had been correctly written as given by him; that they are "full, true and complete"; and that there are no exceptions.

Paragraph fifteen of defendant's affidavit of defense alleged under new matter: "The said statements and answers made by Michael Anastasio were known to him to be false and were fraudulently made to induce defendant to issue its contract of insurance thereon. *The said Michael Anastasio, from 1932 until his death, suffered from a disease of the gall bladder and carcinoma of the stomach,* for which diseases and complaints he visited the Jefferson Hospital in June of 1933 and

---

*Indovina v. Metropolitan Life Ins. Co.,* 334 Pa. 167, 5 A. 2d 556; *Bailey v. Pacific Mut. L. Ins. Co.,* 336 Pa. 62, 6 A. 2d 770; *Reeder v. Metropolitan Life Ins. Co.,* 340 Pa. 503, 17 A. 2d 879; *Freedman v. Mut. Life Ins. Co. of N. Y.,* 342 Pa. 404, 21 A. 2d 81; *Boltz v. Metropolitan Life Ins. Co.,* 128 Pa. Superior Ct. 147, 193 A. 400; *Soltaniuk v. Metropolitan Life Ins. Co.,* 133 Pa. Superior Ct. 139, 2 A. 2d 501; *Glaser v. Metropolitan Life Ins. Co.,* 139 Pa. Superior Ct. 261, 11 A. 2d 558; *Kasmer v. Metropolitan Life Ins. Co.,* 140 Pa. Superior Ct. 46, 12 A. 2d 805.

*again in May, June and July of 1937;* and *that prior to the date of said application he consulted with,* and was treated by, *a physician* for said diseases and complaints." [2]

Plaintiff's reply to the fifteenth paragraph of new matter reads: "15. Denied. The plaintiff denies that the said Michael Anastasio knowingly made any statements that were false or fraudulent, or that he has made any false statements or answers for the purpose of inducing defendant to issue its contract of insurance. On the contrary, the said Michael Anastasio has never received any treatment for any serious disorder or ailment, nor did he know or have reasons to believe that he was suffering from a disease of the gall bladder and carcinoma of the stomach. The plaintiff denies that the said Michael Anastasio visited the Jefferson Hospital because of said illness. On the contrary, his visit to the Jefferson Hospital was for the purpose of having X-rays made of his stomach to determine the cause of occasional pains he had at the times stated in defendant's answer. That as a result of said examination, the said Michael Anastasio had been advised and believed that he was suffering from no organic disorder and relying upon the advice of his physician, believed that the occasional pains of the stomach were due solely to his diet. The plaintiff denies that the said Michael Anastasio was treated for any of the diseases and complaints mentioned in defendant's answer or for any other serious ailment."

In addition to these indicated admissions in plaintiff's pleadings, the insurer placed in evidence certain

---

[2] The portions of this paragraph italicized were not denied by the plaintiff in her reply thereto; the repeated visits to Jefferson Hospital and the fact of consultation there with physicians were expressly admitted. The undenied portions of this paragraph of the affidavit of defense were properly admitted in evidence by the trial judge.

uncontradicted documentary evidence consisting of hospital records showing the insured's visits to Jefferson Hospital within five years prior to the date of his application.

Defendant called Mrs. Nellie McBerty, custodian of the records at Jefferson Hospital, who identified certain records of that institution relating to the insured. She testified the records showed he "registered in the surgical clinic June 21, 1933; the second visit was May 12, 1937; the third visit was June 23, 1937." These records showed two X-ray examinations of insured, a gastrointestinal, taken June, 1937, and a gall bladder study.

Plaintiff contends these records were not admissible for any purpose and that the custodian could not testify to their contents. Under the rulings in *Paxos v. Jarka Corpn.*, 314 Pa. 148, 171 A. 468, cited in the Evans case and followed in *Osche v. New York Life Ins. Co.*, 324 Pa. 1, 187 A. 396, and *Freedman v. Mut. Life Ins. Co. of N. Y.*, 342 Pa. 404, 21 A. 2d 81, supra, they were admissible and constituted uncontradicted documentary evidence, at least, of the fact and dates of insured's visits to Jefferson Hospital, prior to the making of his application; they also showed two X-ray examinations at the hospital.

Indeed, as above indicated, plaintiff expressly admitted in her pleadings that the insured *visited* Jefferson Hospital in June of 1933, and again in May, June and July of 1937, and further that such visits were "for the purpose of having X-rays made of his stomach ......" and procuring medical advice.

Under the evidence upon this record, it is beyond any possible question that when the insured answered, "No" to inquiries 9 and 23 of his application, and particularly the latter, he knew his answers were deliberately false and fraudulent. Within three months he had made his third visit to a hospital clinic at least for "observation and examination." Conceding that insured may have had no knowledge he had a serious ail-

ment, he was bound to know and to remember that he had, in fact, made repeated visits to the hospital for X-ray examinations, etc.: *Glaser v. Metropolitan Life Ins. Co.*, 139 Pa. Superior Ct. 261, 11 A. 2d 558, at page 265.

"Inquiries as to attendance by a physician and treatment in a hospital are material to the risk to be assumed by an insurer, unless it be for some trivial ailment: *Baxter v. New York Life Ins. Co.*, 115 Pa. Superior Ct. 287, 175 A. 899": *Loder v. Metropolitan Life Ins. Co.*, 128 Pa. Superior Ct. 155, 160, 193 A. 403. The information concealed by this insured was material to the risk: *Glaser v. Metropolitan Life Ins. Co.*, supra, at page 266. The company was entitled to know insured visited a clinic and underwent two X-ray examinations less than five months before the policy issued. True answers to the questions would have enabled the insurer to protect itself by making further investigations: *Reeder v. Metropolitan Life Ins. Co.*, 340 Pa. 503, 17 A. 2d 879, and cases cited at page 507.

The company, under the issues clearly raised by the pleadings, was not here defending on the ground the insured was not in sound health at the time the policy issued. Compare *Prudential Ins. Co. v. Kudoba et al.*, 323 Pa. 30, 186 A. 793; Act of July 19, 1935, P. L. 1319 (40 PS §511a) ; *Bradich v. Metropolitan Life Ins. Co.*, 128 Pa. Superior Ct. 513, 194 A. 522; *Pachter v. Metropolitan Life Ins. Co.*, 144 Pa. Superior Ct. 188, 191, 19 A. 2d 507.

In view of the above quoted certificate of the insured to the effect that his answers had been correctly recorded, and of the fact that the application shows an answer written after each question, the general offer to prove by plaintiff that "questions were not asked and certain answers were not given" was properly rejected: *Kasmer v. Metropolitan Life Ins. Co.*, 140 Pa. Superior Ct. 46, 12 A. 2d 805.

Upon examination of this record, a majority of our members are of opinion that the answers of the insured to questions material to the risk are shown, by uncontradicted documentary evidence and admissions in plaintiff's pleadings, to have been false and fraudulent as a matter of law. It follows that none of the assignments of error can be sustained.

Judgment affirmed.