## Harkins *v.* John Hancock Mutual Life Insurance Company, Appellant.

388

Argued November 17, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*Charles M. Willits,* with him *Ira Jewell Williams,* for appellant.

*E. Herman Fuiman,* for appellee.

Opinion by Keller, P. J., January 27, 1944:

This is an action of assumpsit on a policy of life insurance.

The insured was examined on June 24, 1941 by the company's physician, who recommended that the policy be issued; he was accepted as an insurable risk and the policy was issued as of date of July 1, 1941. He died on January 22, 1942 of diabetic acidosis and diabetes mellitus.

The company offered to refund the premiums paid, but disputed payment of the amount of insurance on two grounds: (1) False and fraudulent answers by the insured as to the condition of his health in his application for insurance; and (2) that he made a false and fraudulent answer to question No. 27 in said application, to wit, "Have you ever received or applied for treatment at, or attended, any hospital, dispensary, sanitarium, cure or other institution?" To which, he made answer, "No".

From a judgment on the verdict in favor of the plaintiff beneficiary for the face amount of the policy with interest, the defendant has appealed.

We think the insured's answers to questions Nos. 22, 29, 30 and 31 in the application, were not shown to have been false and fraudulent by documentary evidence or admissions in the pleadings within the ruling in *Evans v. Penn Mutual Life Ins. Co.*, 322 Pa. 547, 555, 556-557, 186 A. 133, and hence were for the jury to consider and pass upon.

These questions and answers were:

"22. Are you now in sound health?"

Ans. "Yes".

"29. (a) Have albumin, blood or sugar ever been found in your urine?"

Ans. "No".

"(b) Have you ever been told that you had symptoms of Bright's disease or diabetes?"

Ans. "No".

"30. Have you ever had or consulted or been treated by a physician or other practitioner for any of the following: ...... Kidney disease ......"

Ans. "No".

"31. Have you consulted or been treated by a physician or other practitioner during the past five years? Give full particulars".

Ans. "March 1941—Cold in stomach. Fully recovered".

The insured's representation [1] that he was in sound health, (No. 22), in connection with his examination by the company's physician, is directly within the ruling of the Supreme Court in *Prudential Ins. Co. v. Kudoba,* 323 Pa. 30, 186 A. 793, and the Act of July 19, 1935, P. L. 1319. See *Schware v. Home Life Ins. Co.,* 134 Pa. Superior Ct. 53, 61, 62, 3 A. 2d 949. His answer to that question, as well as the answers to Nos. 29 and 30, must be passed upon in the light of his *knowledge* of the matters inquired about. If he believed that his health was sound; if he had no knowledge that albumin, blood or sugar had been found in his urine; if he had never been *told* that he had symptoms of diabetes; if he had never *knowingly* consulted, or been treated by, a physician for kidney disease, his answers to those questions would not require a verdict for the defendant. It would be for the jury to find whether the answers were not only false but also, knowingly false, and therefore fraudulent: *Evans v. Penn Mutual Life Ins. Co.,* supra, p. 554. "When the applicant states he is in good health and believes it to be so, though he is in fact suffering from some insidious disorder or latent disease, of which he is not aware, a recovery may be had": *Evans v. Penn Mutual Life Ins. Co.,* supra, p.

---

[1] The policy provided that all statements made by the insured in his application for insurance "shall, in the absence of fraud, be deemed representations and not warranties."

554. His answer to No. 31, was not shown to have been false. If not as complete as desired, it could have been returned to him for a fuller explanation. The testimony of Dr. Rosato, the insured's physician, called as a witness by the defendant, while remarkable as an example of professional forgetfulness, absence of records and treatment without diagnosis, was for the jury, not the court, to pass upon.

But question No. 27 of the application was in a different category. It called upon the applicant to answer whether he had ever received or applied for treatment at, or attended any hospital, dispensary, sanitarium, cure, or other institution. He did not have to know what was wrong with him that led to his going to or attending the hospital, etc. The records of the Episcopal Hospital, at Front and Lehigh Streets, show that the insured had been admitted to the clinic of the hospital as a patient on September 17, 1940 and September 25, 1940, less than nine months before he applied for this insurance. The question was a fair and reasonable one and the inquiry was material to the risk: *Baxter v. N. Y. Life Ins. Co.,* 115 Pa. Superior Ct. 287, 293, 175 A. 899; *Kasmer v. Metropolitan Life Ins. Co.,* 140 Pa. Superior Ct. 46, 51, 12 A. 2d 805. The applicant was bound to have knowledge of an occurrence so shortly before and he was required to impart that knowledge to the company in his answer to the question: *Glaser v. Metropolitan Life Ins. Co.,* 139 Pa. Superior Ct. 261, 265, 11 A. 2d 558; *Soltaniuk v. Metropolitan Life Ins. Co.,* 133 Pa. Superior Ct. 139, 2 A. 2d 501; *Gimbel v. Aetna Life Ins. Co.,* 95 Pa. Superior Ct. 1, 4; *Baxter v. N. Y. Life Ins. Co.,* 115 Pa. Superior Ct. 287, 175 A. 899; *Anastasio v. Metropolitan Life Ins. Co.,* 149 Pa. Superior Ct. 414, 420, 421, 27 A. 2d 510. While the hospital records were not shown to have been kept in such a manner as to permit them to be introduced in evidence for the purpose of showing that he was

treated at the hospital for diabetes, they were properly admitted for the purpose of showing his attendance at the hospital clinic on those dates: *Anastasio v. Metropolitan Life Ins. Co.,* supra, p. 420. Furthermore, the plaintiff's reply to the affidavit of defense setting up, as new matter, the insured's answer to question 27 and its falsity, was, in effect, an admission of his attendance at the hospital on those dates, with a denial that he knew he had diabetes when he made those visits. See p. 419 of the *Anastasio* case. The falsity of his answer did not rest on his having diabetes when he attended the hospital clinic or that he knew he had diabetes.

The facts are very similar to the *Soltaniuk* case, supra, and require the same action as was taken in that case.

The judgment is reversed, and judgment is now entered in favor of the plaintiff and against the defendant for $14.21, with interest from July 27, 1942.