## Glaser, Appellant, *v.* Prudential Insurance Company of America.

Argued March 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Samuel C. Nissenbaum,* for appellant.

*Kendall H. Shoyer,* with him *Andrew C. Dana,* for appellee.

OPINION BY ROSS, J., July 19, 1945:

The beneficiary of a life insurance policy issued by the defendant insurance company appeals from the granting of a judgment non obstante veredicto after verdict of a jury for appellant in a suit on the insurance policy. The policy was issued November 13, 1941. The insured died April 6, 1943.

The defense to the suit on the policy was false and fraudulent misrepresentations inducing the insurance, and the judgment of the Court below was granted on that defense. Defendant admitted liability to repay the premiums which had been received.

The misrepresentations on which the defense was based were made in the insured's answers to material questions relating to hospitalization, disability benefits received, blood in urine, and medical attendance within three years prior to application for the policy and the issuance thereof.

Among the questions asked by the medical examiner, with the insured's answers, were the following: 4E. "Have you ever applied for or received any disability benefit under any life, accident or health policy, fraternal insurance membership, or workmen's compensa-

tion provision; or any pension, or allowance, government or otherwise?" Answer, "No" ...... 6A. "What serious illness have you had?" Answer, "Yes". "Have you ever been in a hospital, sanitarium, or other institution for observation, diagnosis, rest or treatment?" Answer, "Yes" ...... 7A. "Have you ever had albumin, blood or sugar in your urine, or had abnormal blood pressure? (If yes, give particulars including treatment below.)" Answer, "No" ...... 9A. "Have you consulted or been attended by a physician or other practitioner during the past three years? Give dates, complaints, doctors' or practitioners' names and addresses." Answer, "Tonsils removed, 1940. Temple Hospital." ...... 10A. "Have you ever had (Answer yes or no. If yes, underscore diseases or disease and give particulars in space below.) Disease of kidneys, bladder or prostate, kidney colic or stones?" Answer, "No." ...... 10B. "Do the answers to all parts of questions 6, 7, 9 and 10A with details given in space below constitute a complete statement of all your illnesses, surgical operations and sojourns in hospitals, sanitaria and other institutions?" Answer, "Yes" ...... "Details of 6, 7, 9, 10 should be given below. Include dates (month and year), nature of illnesses, time disabled and results, attending physicians' names and addresses, and names of hospitals, sanitaria or other institutions, if any." Answer, "Gall bladder and appendix removed 3/3/38, St. Joseph Hospital, Philadelphia, Pa. Tonsils removed, 1940, Temple University Hospital, Philadelphia, Pa."

The question of previous hospitalization was a fair and reasonable one. *Harkins v. John Hancock Mutual Life Insurance Company,* 154 Pa. Superior Ct. 387, 35 A. 2d 754; *Kasmer v. Metropolitan Life Insurance Company,* 140 Pa. Superior Ct. 46, 12 A. 2d 805. Inquiries as to the attendance by a physician and absence from work were matters material to the risk. *Boltz v. Metropolitan Life Insurance Company,* 128 Pa. Superior Ct. 147, 153,

193 A. 400. It has uniformly been held that questions as to prior medical attendance are material to the risk and false answers thereto permit the insurer to avoid the policy. *Reeder v. Metropolitan Life Insurance Company*, 340 Pa. 503, 507, 17 A. 2d 879; *Prevete v. Metropolitan Life Insurance Company*, 343 Pa. 365, 368, 22 A. 2d 691; *Glickman v. Prudential Insurance Company*, 151 Pa. Superior Ct. 52, 58, 29 A. 2d 224. Such questions are material to the risk, not only because a failure to report the exact nature of a previous illness, but also because failure to furnish such information prevents the insurer from protecting himself by making further investigations. *Rigby v. Metropolitan Life Insurance Company*, 240 Pa. 332, 87 A. 428; *Bailey v. Pacific Mutual Life Insurance Company*, 336 Pa. 62, 6 A. 2d 770.

It was established by the pleadings and by the records of the insured's employer that he was absent from work because of illness from March 2, 1937 until March 11, 1937; from September 5, 1939 to September 21, 1939, and from March 1, 1940 to April 7, 1940, for which he received disability benefits in the total amount of almost five hundred dollars. It was shown by the records of Mt. Sinai Hospital that insured was a patient in that hospital from September 5, 1939 to September 8, 1939, suffering from severe pain or kidney colic, which had persisted for some eighteen hours prior thereto and was associated with blood in his urine. These records were confirmed by the pleadings and were admitted without objection. They also showed that he had been referred to the hospital by Dr. Solomon Berull, who testified that he had treated the insured for acute pain in the back which he diagnosed as urteral calculus and that he had referred the patient to Mt. Sinai Hospital.

Insured was a competent person. We may assume that he knew the purpose of the questions in the application and the importance of answering them properly and completely to aid the insurer in determining

whether to grant or reject the application for insurance. He "declared" that the statements and answers in the application were "complete and true", yet he stated that he had not received any disability benefits, failed to report his hospitalization in Mt. Sinai Hospital, that he had, for eighteen hours previous to his admission to the hospital on September 5, 1939, a pain in the groin or that his urine had blood in it the "last twelve hours"; and nowhere does the name of his family physician, Dr. Berull, appear in the application.

The insurance company asked for and was entitled to be advised whether insured had ever received disability benefits, whether he had ever been in a hospital, whether he had ever had blood in his urine and the names of physicians whom he had consulted or by whom he had been attended. Good faith required complete and correct answers. *Derr v. Mutual Life Insurance Company,* 351 Pa. 554, 41 A. 2d 542. The insured was bound to have knowledge of the correct answers to these questions and he was required to impart that knowledge to the company in his answers to the questions. *Glaser v. Metropolitan Life Insurance Company,* 139 Pa. Superior Ct. 261, 11 A. 2d 558; *Soltaniuk v. Metropolitan Life Insurance Company,* 133 Pa. Superior Ct. 139, 2 A. 2d 501; *Anastasio v. Metropolitan Life Insurance Company,* 149 Pa. Superior Ct. 414, 27 A. 2d 510.

The Supreme Court in *Evans v. Penn Mutual Life Insurance Company,* 322 Pa. 547, 555, 186 A. 133, has stated: "Where it affirmatively appears, from sufficient documentary evidence, that the policy was issued in reliance on false and fraudulent statements, made by or on behalf of the insured as where false answers are shown to have been given by insured under such circumstances that he must have been aware of their falsity, the court may direct a verdict or enter judgment for the insurer," *Indovina v. Metropolitan Life Insurance Company,* 334 Pa. 167, 5 A. 2d 556; *Bailey v. Pacific Mutual Life Insurance Company,* 336 Pa. 62, 6 A. 2d 770; *Freed-*

*man v. Mutual Life Insurance Company of New York,* 342 Pa. 404, 21 A. 2d 81; *Derr v. Mutual Life Insurance Company,* 351 Pa. 554, 41 A. 2d 542.

Judgment affirmed.