## Walter, Appellant, *v.* John Hancock Mutual Life Ins. Co.

Argued March 11, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Abe J. Goldin,* with him *Michael F. Donnelly,* for appellant.

*Charles M. Willits,* with him *Ira Jewell Williams* and *White & Williams,* for appellee.

OPINION BY RENO, J., April 16, 1947:

This action in assumpsit by the beneficiary in a life insurance policy is here upon plaintiff's appeal from the refusal of the court below to enter judgment n. o. v. in her favor. She sued for the amount of the policy, $1,000, but the trial judge, sitting without a jury, sustaining the defense that the issuance of the policy had been induced by false and fraudulent representations, entered a verdict for the return of the premiums amounting to $35.28.

The policy was issued on March 22, 1943, and insured died August 8, 1943. In the application, the insured stated that her answers therein were "complete, true and correctly recorded." The questions and answers pertinent to this issue are: "15. Have you ever had, or consulted or been treated by a physician or other practitioner for any of the following: Epilepsy, insanity, paralysis, discharging ear, goitre, [follows a list

of diseases not material here] or any other illness, injury, deformity, physical defect, impairment, or infirmity, or any surgical operation?" Answer: "Yes." "17. Have you consulted or been treated by a physician or other practitioner during the past five years?" Answer: "Yes." "18. Have you ever received, or applied for treatment at, or attended, any hospital, dispensary, sanitarium, cure, or other institution?" Answer: "Yes." To an unnumbered question: "If the answer to any or all of Questions 15, 16, 17, and 18, is 'Yes', specify every illness, injury, deformity or operation, with dates, duration, severity, results, the names and addresses of any physicians or other practitioners, and hospitals, etc." She answered: "Thyroidectomy, toxic goitre, Sept. 1942. Memorial Hospital, 4 weeks, toxic symptoms have disappeared since operation, fully recovered."

The facts, established by defendant and not denied, are that on March 15, 1940, the insured was treated by Dr. Mary R. Curcio for hypertension and menopause; on September 23, 1941, for adeno-carcinoma of the ovary; and on September 18, 1942, for hyperthyroidism. She was also treated by Dr. James A. Lehman on September 28, 1941, for carcinoma of the ovary, and on October 8, 1942, for hyperthyroidism. The insured therefore omitted the names of two physicians and four treatments, including at least two for such a serious ailment as carcinoma of the ovary.

All the questions raised in this appeal were recently decided adversely to appellant in *Glaser v. Prudential Ins. Co.*, 157 Pa. Superior Ct. 471, 43 A. 2d 534, where Judge Ross thoroughly collected and applied the leading cases. The questions relating to the medical history of the insured, and the names of physicians whom she consulted and by whom she was attended, were material to the risk, and her incomplete and therefore false answers permitted defendant to avoid the policy. She had knowledge of the correct answers to the questions and she was

required to impart that knowledge completely and correctly to the insurer.

The authorities upon which appellant relies do not rule this case. They hold that "where *upon the face of the application,* a question appears to be not answered at all, or to be imperfectly answered, and the insurers issue a policy without further inquiry, they waive the want or imperfection in the answer, and render the omission to answer more fully immaterial": *Phoenix Mutual Life Ins. Co. v. Raddin,* 120 U. S. 183, 7 S. Ct. 500, 502. (Emphasis added.) In that case the question was (p. 501) : "(28) Has any application been made to this or any other company for assurance on the life of the party? If so, with what result? What amounts are now assured on the life of the party, and in what companies? If already assured in this company, state the No. of policy." The answer was: "$10,000, Equitable Life Assurance Society." This was an answer only to the third of the four questions, and the insurer having chosen to issue a policy without requiring the others to be answered, it was not allowed to defend an action upon the policy upon the ground that the insured had made other applications for insurance which had been refused. In the instant case we have no such four-pronged question. There was a series of questions, the last of which was textually connected with the previous questions, and called for the names and addresses of physicians and other practitioners who had attended applicant in *every* illness comprehended within the "yes" answer to the prior questions. The omission of the insured to supply the names of the attending physicians and to specify every illness, etc., did not appear *upon the face of the application,* and hence it did not create an ambiguity which the insurer was bound to notice at its peril.

Judgment affirmed.