Levin, Appellant, *v.* Metropolitan Life Insurance Co.

Argued April 21, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

616

*Joseph C. Mansfield,* for appellant.

*F. Hastings Griffin, Jr.,* with him *Owen B. Rhoads, Barnes, Dechert, Price, Myers & Rhoads* and *Joseph Howland Collins,* for appellee.

OPINION BY MR. JUSTICE BELL, May 23, 1955:

In order to avoid an insurance policy the company must establish that the statements relied on were material to the risk and were falsely and fraudulently made. Inquiries as to prior diseases and prior medical attendance are material to the risk, and false answers thereto, if knowingly made, permit the insurer to avoid the policy: *Prevete v. Metropolitan Life Insurance Company,* 343 Pa. 365, 22 A. 2d 691.

In the leading case of *Evans v. Penn Mutual Life Insurance Company of Philadelphia,* 322 Pa. 547, 186 A. 133, the Court said (page 553) : "... It is sufficient to show that they [the statements or representations] were false in fact and that insured knew they were false when he made them (see Lilly v. Metro. Life Ins. Co., supra, page 251; Stein v. N. Y. Life Ins. Co., supra, page 227), since an answer known by insured to be false when made is presumptively fraudulent. . . ."

. . Whether the answers were false and fraudulent is under certain circumstances a question for the jury, and under other circumstances a question of law for the Court: See *DeBellis v. United Benefit Life Insurance Company,* 372 Pa. 207, 93 A. 2d 429; *Derr v. Mu-*

*tual Life Insurance Company of New York,* 351 Pa. 554, 41 A. 2d 542; *Burton v. Pacific Mutual Life Insurance Company,* 368 Pa. 613, 84 A. 2d 310; *Travellers Insurance Company v. Heppenstall Company,* 360 Pa. 433, 61 A. 2d 809; *Reeder v. Metropolitan Life Insurance Company,* 340 Pa. 503, 17 A. 2d 879.

Deceased died of cancer. He made flagrantly false statements in his amended application as to his disease, and as to his prior consultations with physicians. His wife also made false statements as to deceased's whereabouts when he was in the hospital, in order to obtain the amended form of application for her husband's signature.

The jury returned a verdict for defendant, which was supported by the overwhelming weight of the evidence. The charge of the Court was more favorable to plaintiff than she was entitled to, and there were no trial errors. We find no merit in any of appellant's contentions.

Judgment affirmed.