## Gilberg v. United Benefit Life Insurance Co.

*Franklin Poul* of *Wolf, Block, Schorr & Solis-Cohen,* for plaintiff.

*Walter B. Gibbons,* for defendant.

FLOOD, P. J., December 17, 1959.—Defendant insurance companies ask for judgment on the pleadings in an action for disability benefits against them and their agents. The applications submitted for the policies, signed by plaintiff, admittedly contain false statements that plaintiff had never suffered from a number of disabilities mentioned in the applications. His complaint avers that he told defendants' agents that he had been hospitalized two years before for osteoarthritis of the lower cervical spine and generalized artereosclerosis and that he had been hospitalized six months before for the same ailments, together with cardiospasms. His complaint states that he signed the applications in blank upon the assurance of the agents that the companies would issue the policies despite

these illnesses. Plaintiff claims that upon receiving his policies with the applications attached, he put them away without reading them, and thus was unaware of the false answers they contained.

Section 318 of The Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §441, provides that: "All insurance policies, issued by . . . insurance companies . . . in which the application of the insured . . . form part of the policy or contract between the parties thereto, or have any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant . . .; and, unless so attached and accompanying the policy, no such application . . . shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application . . . be considered a part of the policy or contract between such parties."

This statute has recently been most strictly construed: Syme v. Bankers National Life Insurance Company, 393 Pa. 600 (1958). In the Syme case it was clearly pointed out that pursuant to the statute, the application for insurance cannot be relied upon by an insurance company unless the application is submitted "as signed by the applicant." In the instant case plaintiff alleges, and for present purposes his allegation must be taken as true, that the application was blank when he signed it. It thus cannot be received in evidence in any other than the blank form in which it was executed.

Defendants attempt to distinguish the Syme case by urging that the soliciting agents filled in the application as agents for plaintiff. However, it was expressly held in the Syme case, at page 609, that: "There is no provision in the Act authorizing the validation of statements in an application written by a person purporting to act for the applicant". Although in the Syme

case the issue facing the court was whether the acceptance of a policy issued pursuant to an application altered by the agent acted as a ratification of the alteration, the principles enunciated therein seem to us to rebut defendants' contention. In addition, plaintiff's complaint does not aver that the statements as filled in by the agents were authorized by him, but the inference is that they were not. It will be time to decide this question if it arises at the trial.

Nor do we find merit in defendants' argument that plaintiff is bound by the application because he is relying on it. It is true that in Reeder v. Metropolitan Life Insurance Company, 340 Pa. 503 (1941), an insured was held to be bound by an application that she pleaded as part of the contract upon which she based her action. It was also pointed out that she was dilatory in asserting that it was not the application on which the policy was issued. In the instant case the complaint makes clear that plaintiff is not relying on the admitted untruths in the application. In addition, it was indicated in the Syme case that Reeder was not authority for instances of unsigned declarations: Syme v. Bankers National Life Insurance Company, 393 Pa. 600, 612 (1958).

The case of Indovina v. Metropolitan Life Insurance Co., 334 Pa. 167 (1939), although similar on its facts to the instant problem, cannot be deemed to govern this case. In Indovina the insured signed his application in blank but was held bound by false answers inserted by the soliciting agent. As here, the insured had full opportunity to read the application, but did not. That decision resulted, however, from a finding that an agency relationship existed between the insured and the insurance salesman. The decision makes no mention of the act which we held governs the case before us. To the extent that it is comparable to the instant case, we deem it overruled by Syme v. Bankers

National Life Insurance Company, supra. See also Steinberg and Lavine, Pennsylvania Statute Relating to the Use of Life Insurance Applications as Basis of Defense Strictly Construed, 31 Pa. Bar Assn. Quarterly 42 (1959).

Certainly we cannot say that the complaint clearly fails to set forth a cause of action, which is a necessary basis for sustaining defendants' motion.

Defendants' motion for judgment on the pleadings is denied.